UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER GEORGE, JESSICA CHANDRA, LISA JAME, CHELSEA MALEY, APRIL BODDIE, MICKAEL LOUIS, EDUARDO LEACH, JOSH FOLAN, LOGAN VAIRO, and BASMA ATTIEH, on behalf of themselves and a class of similarly situated individuals,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY,<br><br>　　　　　　　　　　Defendant. | Civil Action No.<br><br>(New York State Supreme Court Index No. 653015/2019)<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 & 1446

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"), by its attorneys Weil, Gotshal & Manges LLP, hereby removes the civil action commenced by plaintiffs Christopher George, Jessica Chandra, Lisa Jame, Chelsea Maley, April Boddie, Mickael Louis, Eduardo Leach, Josh Folan, Logan Vairo, and Basma Attieh (together "Plaintiffs") in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  In support of removal, Starbucks states as follows:

### BACKGROUND

1.　　On May 21, 2019, Plaintiffs commenced this action by filing a summons and complaint (the "Summons and Complaint") captioned *George v. Starbucks Corp.*, Case No. 653015/2019, in the Supreme Court of the State of New York, County of New York.  A copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Starbucks was served with Plaintiffs' Summons and Complaint on June 13, 2019. A true and correct copy of the Acknowledgement of Service is attached hereto as Exhibit B.

3. In this action, Plaintiffs seek to recover monetary damages, including punitive and exemplary damages based on their allegations that Starbucks' representations and advertisements about the cleanliness of its stores and quality of its products in its Manhattan stores are false and have misled its customers. *See* Ex. A. Plaintiffs assert claims for violations under New York General Business Law §§ 349 and 350. *Id.* ¶¶ 138-145.

## NOTICE IS TIMELY

4. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days after the service of summons. In this action, the Summons and Complaint were served on Starbucks on June 13, 2019, making the final date for removal July 15, 2019. Therefore, this Notice of Removal is timely.

## GROUNDS FOR REMOVAL

5. Starbucks is entitled to remove this action under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A), which provides that the "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- any member of a class of plaintiffs is a citizen of a State different from any defendant." Each of these requirements is met here.

### A.     The Amount in Controversy Exceeds $5,000,000

7.     Although Starbucks only needs to show that the amount in controversy exceeds $5,000,000 for **_both_** of the claims alleged in the complaint to meet the requirements of 28 U.S.C. § 1332(d)(2)(A), as discussed below, the $5,000,000 threshold is met for **_each_** of the claims alleged in the complaint.  *See Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 JG RML, 2015 WL 5360022, at *1 (E.D.N.Y. Sept. 14, 2015) (defendant met the requirements under 28 U.S.C. § 1332(d)(2) by pleading "an aggregate amount in controversy exceeding five million dollars" for claims brought under both GBL § 349 and GBL § 350).

8.     Plaintiffs seek to recover on behalf of themselves and a class of "[a]ll individuals who purchased a product from a Starbucks location in Manhattan that was using No-Pest Strips on the last three years."  Ex. A ¶129.  Plaintiffs further contend that the number of alleged class members exceeds 100,000 individuals.  *Id.* ¶ 132.

9.     Where a plaintiff has met her burden of providing the elements of a claim, New York General Business Law § 349 provides for minimum statutory damages of $50 per injured plaintiff.  N.Y. Gen. Bus. § 349.  Because Plaintiffs allege that the number of alleged class members exceeds 100,000 individuals, the amount in controversy for the statutory minimum damages for § 349 exceeds $5,000,000.  *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 70 (E.D.N.Y. 2015) (under New York General Business Law § 349, class members may be entitled to $50 statutory damages per class member each time defendant violated the statute).

10.    New York General Business Law § 349 provides that a "court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully and knowingly violated this section."  N.Y. Gen. Bus. § 349(h).  Here, Plaintiffs allege that they are entitled to

punitive and exemplary damages. Ex. A. at pg. 42. Because each plaintiff could potentially recover up to $1,000 in treble damages, the necessary amount in controversy is independently established by Plaintiffs' claims for punitive and exemplary damages. *See Andersen v. Walmart Stores, Inc.*, No. 16-CV-6488 CJS, 2017 WL 661188, at *6 (W.D.N.Y. Feb. 17, 2017) (finding that "GBL §§ 349 and 350-a allow a plaintiff to recover maximum statutory damages of $1,000 and $10,000 respectively, for willful or knowing violations, which, when multiplied by the 10,000-plus class members, easily satisfies the $5 million threshold").

11. The amount in controversy requirement is also independently satisfied by Plaintiffs' New York General Business Law § 350 claim. Where a plaintiff has met her burden of providing the elements of a claim, § 350-e provides for minimum statutory damages of $500 per injured plaintiff. N.Y. Gen. Bus. § 350-e. Because Plaintiffs allege that the number of alleged class members exceeds 100,000 individuals, the amount in controversy for the statutory minimum damages for § 350 exceeds $5,000,000. *Andersen*, No. 16-CV-6488 CJS, 2017 WL 661188, at *6 (finding that "GBL § 350-e(3) provides a minimum penalty of 'actual damages or five hundred dollars, whichever is greater,' which, when multiplied by the 10,000-plus class members . . . exceeds the $5 million threshold").

12. § 350-e further provides that the "court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages, up to ten thousand dollars, if the court finds that the defendant willfully or knowingly violated this section." N.Y. Gen. Bus. § 350-e. Here, Plaintiffs allege that (1) the size of the proposed class exceeds 100,000 individuals; (2) Starbucks willfully violates § 350 (Ex. A ¶ 145); and (3) they should recover punitive and exemplary damages. Therefore, the amount in controversy for Plaintiffs' claims for punitive and exemplary damages also exceeds the $5,000,000 threshold. *See Andersen*, No. 16-

CV-6488 CJS, 2017 WL 661188, at *6 (finding that "GBL §§ 349 and 350-a allow a plaintiff to recover maximum statutory damages of $1,000 and $10,000 respectively, for willful or knowing violations, which, when multiplied by the 10,000-plus class members, easily satisfies the $5 million threshold").

### B.   Plaintiffs and Starbucks are Citizens of Different States

13.   Plaintiffs are residents of New York, California, and South Carolina.  Ex. A ¶¶ 8-17.

14.   Starbucks is a company organized and existing under the laws of the state of Washington and has its principal place of business in Seattle, Washington.  *Id.* ¶ 18.

15.   Because at least one member of the putative class is a citizen of a state different from Starbucks – in fact, there is complete diversity between adverse parties here – and the amount in controversy greatly exceeds $5,000,000, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A).

### PROCEDURAL REQUIREMENTS FOR REMOVAL

16.   Venue is proper in this Court because it is part of the "district and division embracing the place where" this Action was filed—New York County, New York.  28 U.S.C. § 1441(a).

17.   Removal is timely under 28 U.S.C. § 1446(a).

18.   Starbucks has not filed an answer or motion in response to the Summons and Complaint or otherwise appeared in this action.  No motion or proceeding is pending in this Action in the Supreme Court of the State of New York, County of New York.

19.   In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Starbucks will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk

of the Supreme Court of the State of New York, County of New York; (b) serve a true and correct copy of this Notice of Removal on Plaintiffs; and (c) file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

20.     Starbucks reserves the right to submit additional evidence and argument as needed to supplement and support this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

BASED ON THE FOREGOING, Starbucks hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

DATED:  July 2, 2019                                        Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**

By:     */s/ David R. Singh*
            David R. Singh #4252094
            Bambo Obaro (*pro hac vice* forthcoming)
            201 Redwood Shores Parkway, 6th Floor
            Redwood Shores, CA 94065
            Telephone: (650) 802-3000
            Facsimile: (650) 802-3100

            David Lender #2583722
            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, NY 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            *Attorneys for Starbucks Corporation d/b/a*
            *Starbucks Coffee Company*