MANDATE

Case 1:19-cv-06185-AJN Document 74-1 Filed 09/17/21 Page 1 of 3
Case 1:20-cv-04050-AJN Document 41 Filed 09/17/21 Page 1 of 3
19-cv-6185(AJN)

20-4050
George, et al. v. Starbucks Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **September 17, 2021**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of August two thousand twenty-one.

Present:  ROSEMARY S. POOLER,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

CHRISTOPHER GEORGE, ON BEHALF OF HIMSELF AND A
CLASS OF SIMILARLY SITUATED INDIVIDUALS, ET AL.,

                    *Plaintiffs-Appellants*,

                    v.                                              20-4050-cv

STARBUCKS CORPORATION, DBA STARBUCKS COFFEE
COMPANY,

                    *Defendant-Appellee*.[1]

_____

Appearing for Appellants:   David E. Gottlieb, Wigdor LLP (Renan F. Varghese, Douglas
                            Holden Wigdor, *on the brief*), New York, N.Y.

Appearing for Appellee:     Gregory Silbert, Weil, Gotshal & Manges LLP (David J. Lender,
                            David R. Singh, Bambo Obaro, *on the brief*), New York, N.Y.

_____

[1] The Clerk of Court is directed to amend the caption as above.

MANDATE ISSUED ON 09/17/2021

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Christopher George and several other plaintiffs (collectively, "Appellants") appeal from the November 19, 2020 judgment of the United States District Court for the Southern District of New York (Nathan, *J.*), dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), their claims against Starbucks Corporation under New York General Business Law ("NYGBL") Sections 349 and 350. Appellants claim that Starbucks's marketing materials promoting premium coffee and food are misleading because Starbucks allegedly uses "No-Pest Strips," a pest-control product that contains a toxic ingredient known as Dichlorvos (2,2-dichlorovinyl dimethyl phosphate, or "DDVP"), in some of its Manhattan stores to combat pest infestations. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), taking all factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 193-94, 196 (2d Cir. 2005). "To successfully assert a claim under either [NYGBL Section 349 or 350], a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (internal quotation marks omitted). "[T]he New York Court of Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Id.* (citation omitted).

At the outset, we agree with the district court that almost all of Starbucks's statements referenced in the amended complaint constitute puffery. "Puffery is an exaggeration or overstatement expressed in broad, vague, and commendatory language. Such sales talk . . . is considered to be offered and understood as an expression of the seller's opinion only, which is to be discounted as such by the buyer." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007) (internal quotation marks omitted). One form of puffery includes "a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion." *Id.* at 160 (citation omitted). Statements such as "Best coffee for the Best You," "Taste of Inspiration," "Starbucks or nothing," and "heart, soul, craft, pride, love[;] you won't find that in any other cup of coffee," App'x at 20-21, 23, are all puffery. These statements vaguely assert that Starbucks's coffee is better than its competitors' in a manner best "understood as an expression of the seller's opinion only." *Time Warner*, 497 F.3d at 159. They are not specific enough to "misrepresent[] an inherent quality or characteristic of the defendant's product." *Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Lab'ys*, 850 F.2d 904, 917 (2d Cir. 1988) (internal quotation marks omitted). We also disagree with Appellants' contention that the marketing statements, as a whole, convey a more specific message than they do individually. As the district court explained, unlike Appellants' cited cases, almost none of "Starbucks's advertisements communicate[s]—even indirectly—any specific details about its

2

products." *George v. Starbucks Corp.*, No. 19-cv-6185 (AJN), 2020 WL 6802955, at *3 (S.D.N.Y. Nov. 19, 2020); *cf. Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 510-12 (2d Cir. 2005) (explaining that it was plausibly misleading for McDonald's campaign to collectively "create the false impression that its food products were nutritionally beneficial and part of a healthy lifestyle if consumed daily"). Therefore, whether viewed as a portfolio or individual statements, most of the statements constitute puffery.

Drawing every inference in favor of Appellants, certain statements were plausibly specific enough to be more than puffery. But these statements refer only to how Starbucks sources its products and crafts its coffee and the ingredients it uses in its baked goods. No reasonable consumer would believe that these statements communicate anything about the use of pesticide in Starbucks's stores. We are mindful that courts should ordinarily refrain from resolving questions of reasonableness on a motion to dismiss. *See Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 566 (S.D.N.Y. 2016) (collecting cases). Nevertheless, it is also true that "in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." *Geffner v. Coco-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019) (citation omitted). Here, a reasonable consumer would understand these statements to refer to Starbucks's coffee preparation methods, ethical sourcing practices, and the quality of specific ingredients used to make Starbucks's products, not whether pesticide is used within Starbucks stores. The use of DDVP in some Manhattan stores would not render the statements misleading because DDVP cannot reasonably be considered an ingredient in Starbucks's baked goods, does not affect whether Starbucks actually handcrafts its coffee, and has nothing to do with Starbucks's sourcing practices. Appellants offer no other allegations to support the falsity of these statements. Therefore, it was not error to dismiss any NYGBL claims premised on these statements.

Finally, as to Appellants' omission liability argument, we agree with Starbucks that Appellants have forfeited it by failing to present it below. At most, Appellants mentioned the argument in passing, and the district court did not refer to it as a separate claim or theory of liability. Where a "line of argument was not developed below," we consider it forfeited. *Guzman v. Local 32B-32J Serv. Emps. Int'l Union*, 151 F.3d 86, 93 (2d Cir. 1998).

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit